IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                   ORDER

                Plaintiff,

                                                      12-cv-8-bbc
                                                      07-cr-31-bbc

     v.

ARTHUR T. CONNER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Arthur T. Conner filed a motion for post conviction relief on January 3, 2012, contending that his conviction was illegal because he had been denied the effective assistance of counsel at his trial. The government agreed with defendant that an evidentiary hearing would be necessary to resolve the issues in dispute, so counsel was appointed to represent defendant.

      At a telephone status conference held on April 9, 2012, the court directed counsel to both parties to confer with the clerk's office about a date and time for an evidentiary hearing. Although they were told to schedule the hearing no later than May 18, 2012, it did not take place until August. To accommodate witness schedules, it was held on three different days, finally concluding in late August. At the end of the hearing, defendant's counsel asked for an opportunity to file a brief. Her request was granted but she never filed the brief and never advised the court that she was not going to do so.

The post conviction motion was decided on the record of the evidentiary hearing. The opinion denying the motion was filed on September 20, 2012. No appeal was taken from the order.

On October 28, 2012, defendant wrote to the court, asking for a copy of the docket sheet in this case. The copy was mailed to him on November 1. On November 13, the court received another letter from defendant, asking for a copy of the September 20, 2012 opinion and order. He said that his court-appointed counsel had not sent him a copy of the order and had not even told him that it had been entered.

The court's efforts to communicate with counsel have been unsuccessful. Under the circumstances, I must assume that defendant's representations are correct and that he has been denied the opportunity to take an appeal from the September 20 order by his counsel's failure to represent him properly. I believe that the best step to take at this time is to construe defendant's November 13 letter as a motion for an extension of time in which to file an appeal and grant the motion.

Defendant will be given an extension of 30 days from today's date, or until December 16, 2012, in which to file a notice of appeal on his own behalf, if after he has an opportunity to review the September 20 order, he believes that it is wrong. If he does decide to file the motion, he can ask the court of appeals to appoint counsel to represent him on appeal.

If defendant decides to file a notice of appeal, he should follow the directions in Rule 3(c) of the Federal Rules of Appellate Procedure. His notice must specify the party taking the appeal (defendant), say what judgment or order is being appealed from and name the

court to which the appeal is taken (the Court of Appeals for the Seventh Circuit). (An example of such a form is shown in the Appendix of Forms included in the Federal Rules.) Defendant should send the notice of appeal to this court. Rule 3(a)(1).

ORDER

IT IS ORDERED that defendant Arthur T. Conner's letter of inquiry about this case is construed as a motion for an extension of time in which to file a notice of appeal from the September 20, 2012 order denying his motion for post conviction relief. Defendant may have until December 16, 2012, in which to file such a notice.

Entered this 16th day of November, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge